# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| **In re:** | Chapter 7 |
| **FLOYD M. MARTIN, JR.** | Case No.: 14-74037-FJS |
| Debtor. | |

**CAROLYN L CAMARDO,**
    **CHAPTER 7 TRUSTEE**

    **Plaintiff,**
    v.

**Adversary Proceeding No**. _____

**VINCENT J. MASTRACCO**
Serve: 305 Brook Avenue, Apt. 405
Norfolk, Virginia 23510

**BRUCE C. HOLBROOK**
Serve: 1107 Botetourt Gardens
Norfolk, Virginia 23407

**WELLS FARGO BANK, NA**
Serve: East Business Banking
600 Thimble Shoals Blvd.
Newport News, VA 23606

**TRSTE, INC.,**
Serve: 7711 Plantation Road
Roanoke, VA 24019

**JEFFREY M. STEDFAST**, Deed of Trust Trustee
**DENNIS T. LEWANDOWSKI**, Deed of Trust Trustee
150 West Main Street, Suite 2100
Post Office Box 3037
Norfolk, Virginia 23514

    **Defendants.**

**COMPLAINT**

Carolyn L. Camardo, in her capacity as Chapter 7 Trustee for the estate of the Debtor (the "**Trustee**"), by her undersigned counsel, and for her complaint (the "**Complaint**") against the above-captioned Defendants (each, a "**Defendant**" and together, the "**Defendants**") states as follows:

## I. JURISDICTION AND VENUE

1. On November 5, 2014 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On February 5, 2016, this case was converted to a proceeding under chapter 7.

3. Following conversion of the case, the Trustee was appointed to serve as chapter 7 trustee in this case and continues to serve in that capacity.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. INTERESTED PARTIES AND BACKGROUND

6. The Trustee is the chapter 7 trustee for the bankruptcy estate of *In re Floyd M. Martin, Jr.*, Case No. 14-74037.

7. Defendant Vincent J. Mastracco ("**Mastracco**") is a resident of Virginia and a 1% owner and member of FBV, LLC ("**FBV**").

8. Defendant Bruce C. Holbrook ("**Holbrook**," and together with Mastracco, the "**Minority Members**") is a resident of Virginia and a 1% owner and member of FBV.

9. FBV is a Virginia limited liability company with its principal place of business at 150 West Main Street, Suite 2100, Norfolk, Virginia.

10. As of the Petition Date, the Debtor owned an undivided 98% interest in FBV, which property became part of the Debtor's bankruptcy estate upon the filing of the Debtor's voluntary bankruptcy petition in this Court.

11. As chapter 7 trustee, the Trustee is charged with administering the Debtor's estate and his assets, including the Debtor's 98% undivided interest in FBV.

12. The Debtor's and the Minority Members' respective ownership interests are set forth in that certain Operating Agreement dated December 27, 2012, and attached hereto as Exhibit A (the "**Operating Agreement**"). The Debtor and the Minority Members own FBV as joint tenants or as tenants in common.

13. The Operating Agreement does not require the Debtor to take any action in order to receive distributions from FBV.

14. As a result, the Operating Agreement is not an executory contract.

15. FBV owns certain real property located at 4388 Nansemond Parkway, Suffolk, Virginia (the "**Property**"), which Property is more particularly described as follows:

> That certain piece or parcel of land lying and being in the City of Suffolk, Virginia shown as Parcel B, containing 6.869 acres, more or less, on plat prepared by Courtney & Associates, P.C., entitled, "Plat Showing Resubdivision of Properties Owned by Floyd M. Martin, Jr. & Anita F. Martin and James W. Keel, Jr. & Elizabeth T. Keel, Sleepy Hole Borough, Suffolk, Virginia, dated May 7, 1999, recorded July 20, 1999 in the Clerk's Office, Circuit Court, City of Suffolk, Virginia in Plat Cabinet 2, 180E and 181-A, to which plat reference is hereby made for a more particular description of the property hereby conveyed.

16. Wells Fargo Bank, N.A. ("**Wells Fargo**") is a national banking association existing under the laws of the United States of America and is authorized to do business in the Commonwealth of Virginia.

17. Defendant TRSTE, Inc. is trustee under that certain Deed of Trust dated December 26, 2012, duly recorded in the Circuit Court for the City of Suffolk and attached hereto as Exhibit B (the "**Deed of Trust**").

18. The Deed of Trust pledges the Property as security for FBV's obligations to Wells Fargo under a promissory note dated December 26, 2012 (the "**Promissory Note**").

19. The Promissory Note is attached hereto as Exhibit C.

20. The current amount outstanding under the Promissory Note is approximately $1.8 million. No default has occurred under the Promissory Note.

21. The Debtor and each of the Minority Members executed an absolute and unconditional commercial guaranty of full and punctual payment and satisfaction of FVB's obligations to Wells Fargo. True and correct copies of both commercial Guaranties (each a "**Guaranty**" and together, the "**Guaranties**") are attached hereto as Exhibit D.

22. The Minority Members purport to have obtained an interest in certain real property owned by the Debtor and the Debtor's wife, Mrs. Anita F. Martin ("**Mrs. Martin**") as tenants by the entireties and located at 3885 Bruce Road, Chesapeake VA ("**Parcel C**").

23. Parcel C is more particularly described on a deed of trust dated December 1, 2012 and but not recorded in the Circuit Court for the City of Chesapeake until July 25, 2013 (the "**Mastracco Deed of Trust**"). A true and correct copy of the Mastracco Deed of Trust, which was prepared by Charles Land, an attorney and member of Kaufman & Canoles, is attached hereto as Exhibit E.

24. According to the Mastracco Deed of Trust, Parcel C was pledged to Jeffrey M. Stedfast and Dennis T. Lewandowski(the "**Mastracco Trustees**"), both of whom are attorneys and members of Kaufman & Canoles, as collateral for the benefit of the Minority Members to secure

> the repayment of any and all loans, liabilities, obligations, advances, re-advances, and extensions or renewals of credit, whether absolute, obligatory, or contingent, made from time to time, due and owing by the Grantor and/or any entity of which the Grantor (or either of them) own more than 50% of the ownership interests to Vincent J. Mastracco,

Jr. and/or Bruce C. Holbrook (collectively, the "Noteholder").

Mastracco Deed of Trust, p. 1.

25. At no relevant time was any repayment "due and owing" from either grantor to Mastracco or Holbrook.

26. As of the date the Mastracco Deed of Trust was granted by its grantors, no obligations were due and owing from the Debtor or Mrs. Martin to Mastracco or Holbrook.

27. As of the Petition Date, no obligations were due and owing from the Debtor or Mrs. Martin to Mastracco or Holbrook.

28. As of the date of the filing of this Complaint, no obligations are due and owing from the Debtor or Mrs. Martin to Mastracco or Holbrook.

29. There is no 'Note' or other written obligation that is held by the parties indicated as Noteholder beneficiaries under the Mastracco Deed of Trust.

30. The Mastracco Deed of Trust secures no valid or enforceable repayment obligation.

31. Therefore, the Mastracco Deed of Trust creates no valid or enforceable lien.

32. The Minority Members acted inequitably in taking the Mastracco Deed of Trust where no valid or enforceable repayment obligation existed any relevant time.

33. The Minority Members' inequitable conduct in taking the Mastracco Deed of Trust has injured creditors of the Debtor and confers an unfair advantage to the Minority Members.

34. In giving the Mastracco Deed of Trust, the Debtor intended to hinder, delay or defraud his creditors, including Southern Bank ("**Southern**").

35. The Debtor retained interests, including a possessory interest, in Parcel C after

giving the Mastracco Deed of Trust. The Debtor gave the Mastracco Deed of Trust during a time when the Debtor was being pursued, or expected to be pursued, by creditors, including Southern. The Debtor gave the Mastracco Deed of Trust for grossly inadequate consideration, or no consideration at all.

36. On March 11, 2015, proof of claim number 17-1 (the "**Mastracco Claim**") was executed and filed by Michelle Bolton, who, at all relevant times, has been employed by Kaufman & Canoles as its Records Supervisor. The Mastracco Claim asserts a right to payment in the secured amount of $1,985,000 and appends the Mastracco Deed of Trust as its underlying basis.

37. The Minority Members acted inequitably by causing the Mastracco Claim to be filed asserting a right to payment, where no right to payment existed at any relevant time.

38. The Minority Members acted inequitably by filing a false proof of claim asserting a right to payment in an amount that could never, under any theory, be due.

39. The Minority Members' inequitable conduct in filing the Mastracco Claim has injured creditors of the Debtor and confers an unfair advantage to the Minority Members.

40. According to the schedules and statements filed herein on behalf of the Debtor, the Mastracco Claim is contingent and liquidated in the amount of 1,985,000.00.

41. According to the schedules and statements filed herein on behalf of the Debtor, the value of Parcel C as of the Petition Date was $1,075,200.00.

42. Parcel C is allegedly encumbered a first deed of trust in favor of Kaufman & Canoles, securing an obligation in the stated amount of $200,000.

43. Parcel C is also subject to a lien in favor of the City of Chesapeake in the amount of $16,519.

44. Southern is the largest unsecured creditor of the Debtor.

45. Southern's unsecured claims against the Debtor constitute joint claims against the Debtor and Mrs. Martin, as Southern has obtained a federal court judgment liquidating its claims against Mrs. Martin and has filed a proof of claim herein to which no objection has been made.

46. As of the Petition Date, Southern's joint claims against the Debtor and Mrs. Martin exceeded $2,297,587.

## Count I
### (Approval to Sell Co-Owned Property Pursuant to 11 U.S.C. § 363(h))

47. The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

48. As of the Petition Date, the Debtor held an ownership interest in FBV.

49. The Trustee is entitled to the benefit of all right, title, and interest of the Debtor in property including the Debtor's ownership interest in FBV.

50. Partition of FBV among the estate and the Minority Members is impracticable.

51. Sale of the estate's undivided interest in FBV would realize significantly less for the estate than sale of FBV free of the interests of the Minority Members.

52. The benefit to the estate of a sale of FBV free of the interests of the Minority Members outweighs the detriment, if any, to the Minority Members.

53. FBV is not used in the production, transmission, or distribution for sale of electric energy or natural or synthetic gas for heat, light, or power.

**WHEREFORE**, the Trustee respectfully requests entry of an order authorizing the Trustee to sell the interests of the bankruptcy estate and any and all co-owners of FBV pursuant to 11 U.S.C. § 363(h), subject to co-owner rights provided by 11 U.S.C. §§ 363(i) and (j), and

subject to this Court's subsequent confirmation and approval of the resulting contract of sale, free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances and interests to attach to the proceeds of such sale to the same extent, and in the same priority, and that the Court grant the Trustee such other and further relief as is just and proper.

## Count II
### (Turnover)

54.     The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

55.     The Debtor's interest in FBV is property of the bankruptcy estate.

56.     The Debtor's interest in FBV is not of inconsequential value to the estate, and constitutes property that the Trustee may use, sell, or lease under 11 U.S.C. § 363.

57.     The Minority Members may be in possession, custody, or control of property of FBV that is necessary to the Trustee's efforts to market or sell FBV.

**WHEREFORE**, the Trustee respectfully requests entry of an order pursuant to 11 U.S.C. § 542 ordering the Minority Members to grant to the Trustee and her agents access to all property of FBV, including books and records of FBV, as may be in the possession or control of either or both of the Minority Members.

## Count III
### (Declaration of Lien, Claims, Encumbrances, and Interests)

58.     The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

59.     The Court has the authority to determine the nature, extent, and validity of liens, claims, encumbrances and interests, if any, against the assets of FBV, including the

Property, and the proceeds from the sale thereof.

60. The Court has the authority to determine the nature, extent, and validity of liens, claims, and encumbrances against assets of the Debtor, including Parcel C.

**WHEREFORE**, the Trustee respectfully requests entry of an order determining the nature, extent, and validity of (i) liens, claims, encumbrances and interests, if any, against the assets of FBV, including the Property, and the proceeds from the sale thereof; and (ii) the Mastracco Deed of Trust. The Trustee further requests that the Court grant the Trustee such other and further relief as is just and proper.

### Count IV
### (Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

61. The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

62. By giving the Mastracco Deed of Trust, the Debtor granted a security interest in Parcel C to the Mastracco Trustees, and thereby made a transfer (the "**Transfer**") of the Debtor's interest in property to the Mastracco Trustees, for the benefit of Mastracco and Holbrook.

63. In exchange for the Transfer, the Debtor received less than reasonably equivalent value.

64. At the time of the Transfer, the Debtor was insolvent or became insolvent as a result thereof.

65. At the time of the Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

66. The Transfer constitutes an avoidable transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

67. The Mastracco Trustees are the initial transferees of the Transfer, which Transfer was made for the benefit of Mastracco and Holbrook.

68. The Transfer is recoverable from the Mastracco Trustees, Mastracco and Holbrook pursuant to 11 U.S.C. § 550, to be preserved for the benefit of the estate under 11 U.S.C. § 551.

**WHEREFORE**, the Trustee requests that judgment be entered avoiding the Transfer as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B); preserving its value for the benefit of the estate pursuant to 11 U.S.C. 551; and granting judgment against Mastracco and Holbrook pursuant to 11 U.S.C. § 550, plus attorneys' fees and costs.

## Count V
### (Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and Va. Code § 55-81)

69. The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

70. At all times relevant to the Transfer, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable claims.

71. The Transfer was made without any consideration and at a time when the Debtor was insolvent or rendered insolvent thereby.

72. The Mastracco Trustees are the initial transferees of the Transfer, which Transfer was made for the benefit of Mastracco and Holbrook.

73. The Transfer is recoverable from the Mastracco Trustees, Mastracco and

Holbrook pursuant to 11 U.S.C. § 550, to be preserved for the benefit of the estate under 11 U.S.C. § 551.

WHEREFORE, and pursuant to Virginia Code § 55-81 and 11 U.S.C. §§ 544(b), 550(a) and 551 of the Bankruptcy Code, the Trustee requests that judgment be entered avoiding the Transfer, or the value thereof, for the benefit of the estate and granting judgment against Mastracco and Holbrook pursuant to 11 U.S.C. § 550, plus attorneys' fees and costs.

### Count VI
### (Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550)

74. The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

75. The Transfer was a transfer of the Debtor's interest in property, made to the Mastracco Trustees, for the benefit of Mastracco and Holbrook.

76. The Transfer was made by the Debtor with actual intent of the Debtor to hinder, defraud, or delay his existing and/or subsequent creditors, including but not limited to, Southern.

77. The Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

78. The Mastracco Trustees are the initial transferees of the Transfer, which Transfer was made for the benefit of Mastracco and Holbrook.

79. The Transfer is recoverable from the Mastracco Trustees, Mastracco and Holbrook pursuant to 11 U.S.C. § 550, to be preserved for the benefit of the estate under 11 U.S.C 551.

WHEREFORE, the Trustee requests that judgment be entered avoiding the Transfer as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A); preserving its value for

the benefit of the estate pursuant to 11 U.S.C. § 551; and granting judgment against Mastracco and Holbrook pursuant to 11 U.S.C. § 550, plus attorneys' fees and costs.

## Count VII
### (Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and Va. Code § 55-80)

80. The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

81. At all times relevant to the Transfer, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable claims.

82. The Transfer was made by the Debtor with actual intent to hinder, delay, or defraud creditors of the Debtor, including but not limited to, Southern.

83. The Mastracco Trustees are the initial transferees of the Transfer, which Transfer was made for the benefit of Mastracco and Holbrook

84. The Transfers are recoverable from the Mastracco Trustees, Mastracco and Holbrook pursuant to 11 U.S.C. § 550, to be preserved for the benefit of the estate under 11 U.S.C § 551.

WHEREFORE, and pursuant to Virginia Code § 55-80 and 11 U.S.C §§ 544(b), 550(a) and 551 of the Bankruptcy Code, the Trustee requests that judgment be entered avoiding the Transfer, or the value thereof, for the benefit of the estate and granting judgment against Mastracco and Holbrook pursuant to 11 U.S.C. § 550, plus attorneys' fees and costs.

## Count VIII
### (Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

85. The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

86. The Transfer referenced in the counts above is avoidable and recoverable as set forth therein pursuant to the applicable statutes alleged.

87. Neither Mastracco nor Holbrook has paid the amount asserted or turned over the property sought to be avoided and recovered by the Trustee.

88. The Mastracco Claim should be disallowed pursuant to 11 U.S.C. § 502(d).

WHEREFORE, the Trustee requests that an Order be entered disallowing any claims by Mastracco and Holbrook, including the Mastracco Claim, pursuant to 11 U.S.C. § 502(d).

## Count IX
### (Determination and Disallowance of Claim Pursuant to 11 U.S.C. § 502)

89. The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

90. Pursuant to 11 U.S.C. § 502, this Court is vested with authority to determine the amount and character of claims against the estate.

91. The Mastracco Claim should be disallowed in its entirety to the extent it asserts a secured obligation pursuant to 11 U.S.C. § 502(b) and (e).

92. The Mastracco Claim should be disallowed in its entirety to the extent it asserts an unsecured obligation pursuant to 11 U.S.C. § 502(b) and (e).

93. To the extent the Mastracco Claim constitutes a contingent obligation, this Court should estimate that the amount of such obligation is $0, pursuant to 11 U.S.C. § 502(c).

WHEREFORE, the Trustee requests that an Order be entered disallowing the Mastracco

Claim in its entirety, or in the alternative, estimating that the amount of the contingent Mastracco Claim is $0, pursuant to 11 U.S.C. § 502.

## Count X
### (Subordination of Claim Pursuant to 11 U.S.C. § 510)

94. The Trustee incorporates by reference, as if fully restated herein, the preceding allegations contained in all prior paragraphs of this Complaint.

95. The Minority Members acted inequitably in taking the Mastracco Deed of Trust and in causing the Mastracco Claim to be filed.

96. The Minority Members' inequitable conduct has injured creditors of the Debtor and confers an unfair advantage to the Minority Members.

97. Subordination of the Mastracco Claim is not inconsistent with the provisions of the Bankruptcy Code.

98. The Mastracco Claim should be subordinated pursuant to 11 U.S.C. § 510.

WHEREFORE, the Trustee requests that an Order be entered subordinating the Mastracco Claim in its entirety pursuant to 11 U.S.C. § 510.

Respectfully submitted,

/s/ *Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Richmond, VA 23219
200 Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Carolyn Camardo*
*Chapter 7 Trustee*